## THE IDA.

## COMPAGNIE D'ENTREPRISES COMMERCIALES EN EGYPTE v. COSULICH SOCIETA TRIESTINA DE NAVIGAZIONE.

### No. 13973.

District Court, E. D. New York.

June 6, 1934.

See, also, 6 F. Supp. 992.

Hill & Rivkins, of New York City (Robert E. Hill, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (L. de Grove Potter and William H. Postner, both of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge.

This is a motion for an interlocutory decree in favor of libelant on the ground that the respondent's answer does not state facts sufficient to constitute a legal defense to the cause of action and on the further ground that the respondent's answer admits facts which entitle libelant to an interlocutory decree as a matter of law.

In the amended libel it is alleged that on June 1, 1933, certain bags of nitrate of soda were delivered to the respondent in good order at Hopewell, Va., to be carried to Alexandria, Egypt; that thereafter, and with the knowledge of the respondent, the vessel wrongfully departed or deviated from her course by proceeding to New Orleans, La., Houston, Tex., Galveston, Tex., Mobile, Ala., Venice, Italy, Trieste, Italy, and Fiume, Italy, and thereafter arrived at Alexandria, Egypt, where the respondent discharged part of the cargo to the libelant, but the same was not in as good order and condition as when shipped, as it was seriously injured and damaged by having come in contact with fire, water, and other substances.

The answer of the respondent admits receipt of the merchandise and that the vessel sailed from Hopewell, Va., for Alexandria, Egypt, and proceeded to certain ports in the Gulf and Mediterranean before going to Alexandria.

■ The answer affirmatively alleges that the cargo was carried under a special or private contract of affreightment which exempted the private carrier from damage due to fire. The pertinent sections of the contract are the so-called liberty clauses contained in the charter party between the Barrett Company and the respondent, namely, clauses 14 and 42, which are as follows:

"14. After receiving said cargo on board stowed in the customary manner, * * * said vessel shall proceed under full power, with the utmost dispatch to Alexandria, via port or ports * * * and there deliver said cargo in accordance with the terms of the bills of lading and this charterparty."

"42. It is understood that, as this charterparty is for part cargo, vessel to have the privilege of proceeding to destination under charter via port or ports."

The questions involved in the case are whether the respondent is guilty of deviation in directing the vessel off her course to Gulf ports to load cargo for Italian ports which were in turn off her course from Hopewell, Va., to Alexandria, Egypt, and if the liberty clauses of the contract may be interpreted to permit such deviation.

The vessel proceeding and stopping at the ports of New Orleans, La., Houston, Texas, Galveston, Texas, Mobile, Alabama, Venice, Italy, Trieste, Italy, and Fiume, Italy, was a deviation in the contemplated voyage, and can only be excused if the charter party was broad enough to permit such deviation.

■ The established rules of construction of the liberty clauses are that the vessel may proceed to the port or ports which are properly in the course of the voyage described. They do not include ports either outside or beyond the ordinary route. Ardan Steamship Company v. Theband (D. C.) 35 F. 620; United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co. (The West Aleta), 12 F.(2d) 721 (C. C. A.); Smith v. United States Shipping Board Emergency Fleet Corporation (The West Aleta), 26 F.(2d) 337 (C. C. A. 2); Centrosoyus-America, Inc., v. United States (The Natirar), 30 F.(2d) 302 (D. C.); Scrutton on Charter Parties and Bills of Lading (13th Ed.) p. 96; Leduc v. Ward (1888) 20 Q. B. D. 475; Glynn v. Margetson (1893) A. C. 351.

Stopping at the ports of New Orleans, La., Houston, Tex., Galveston, Tex., Mobile, Ala., Venice, Italy, Trieste, Italy, and Fiume, Italy, was not in the contemplated path of the vessel; therefore the respondent cannot take advantage of the said liberty clauses.

Motion granted. Settle order on notice.